IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DENNIS EARL HOWE                                                                        PLAINTIFF

v.                                   Civil No. 13-2234

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                                         DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Dennis Howe, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

The Plaintiff filed his applications for DIB and SSI on February 24, 2011, alleging an onset date of January 14, 2010, due to low I.Q.; personality disorder; depression; a learning disability; an inability to drive; illiteracy; and, shoulder, leg, and knee pain.  Tr. 155-162, 183, 188, 204, 206, 218, 250.  His claims were denied both initially and upon reconsideration.  Tr. 65-84.  An administrative hearing was then held on September 19, 2012.  Tr. 27-64.  Plaintiff was both present and represented at that hearing.

---

[1] Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

A the time of the administrative hearing, Plaintiff was 41 years old and possessed an eighth grade education. Tr. 33. Due to his incarceration for non-payment of child support, the hearing was held over the phone. Tr. 29-31, 35-36, 50, 154. Plaintiff had also been imprisoned in 2010 and 2011 for crimes including breaking and entering, theft, burglary, driving while intoxicated, and driving with a suspended license. Tr. 29-31, 35-36, 50, 261, 281, 296, 298, 326. Further, he had past relevant work ("PRW") experience as a poultry hanger, factory worker, auto detailer, construction laborer handing siding, and farm laborer. Tr. 36-38, 51-52.

On October 26, 2012, the Administrative Law Judge ("ALJ") concluded that, although severe, Plaintiff's hypertension, cervical radiculopathy in the left shoulder, and borderline intellectual functioning did not meet or equal any Appendix 1 listing. Tr. 14-16. The ALJ determined that Plaintiff maintained the residual functional capacity ("RFC") to perform medium work, except "he is functionally illiterate, cannot operate a motor vehicle, and is limited to performing jobs requiring simple tasks with simple instructions. He has also lost at least 10% of the functional use of his non-dominant left hand." Tr. 16. With the assistance of a vocational expert, the ALJ concluded Plaintiff could perform his PRW as a poultry hanger and auto detailer. Tr. 22.

Plaintiff's request that the Appeals Council review the ALJ's decision was denied on September 16, 2013. Tr. 1-4. Subsequently, he filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF No. 14, 15.

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary

## II. Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by

3

medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

### A. The Evaluation Process:

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

The undersigned is concerned by the ALJ's RFC determination in this case. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible

AO72A
(Rev. 8/82)

for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).

The record makes clear that the Plaintiff is virtually illiterate and suffers from borderline intellectual functioning and a personality disorder. However, the RFC does not appear to adequately account for his mental impairments. Plaintiff underwent three separate mental evaluations, two of which revealed global assessment of functioning scores of 50 or below.[2] Tr. 260-265, 295-304, 325-332. Dr. Kathleen Kralik noted that although he initially appeared to put forth minimal effort, this was found to be "an adaptive 'cover' to hide some legitimate vulnerabilities from others." In fact, Dr. Kralik found Plaintiff's capacity to carry out activities of daily living and daily adaptive functioning to be moderately to significantly impaired for occupational purposes, his capacity to communicate and interact in a socially adequate manner to be moderately impaired for occupational purposes, his capacity to communicate in an intelligible and effective manner to be moderately impaired for occupational purposes, his

---

[2]A GAF score of 50 or less is indicative of serious symptoms and impairment in social, occupational, or school functioning. *See* DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS IV-TR 34 (4th ed. 2000).

capacity to cope with a typical mental/cognitive demands in basic work-like tasks to be moderately to significant impaired for occupational purposes, his capacity to attend and sustain concentration on basic tasks to be moderately to significantly impaired for occupational purposes, his capacity to sustain persistence in completing tasks to be significantly impaired for occupational purposes, and his capacity to complete work like tasks within an acceptable time frame to be moderately to significant impaired for occupational purposes. She also opined that Plaintiff would be unable to manage funds without assistance. And, Dr. Denise LaGrand concluded that although job training might help the Plaintiff learn skills, his cognitive functioning deficits would render him capable of only work in a structured environment.

After reviewing the record, it appears that Plaintiff's mental impairments will impose additional limitations on his ability to perform work-related tasks that are not accounted for the current RFC. Accordingly, we do not find substantial evidence to support the ALJ's RFC determination.

In addition to reassessing Plaintiff's mental limitations, on remand, the ALJ is also directed to reevaluate Plaintiff's physical limitations. The RFC currently reads that Plaintiff has a 10% deficit in the functional use of his left hand. However, this is ambiguous and unclear. The ALJ is directed to translate this into limitations in the Plaintiff's ability to handle, grip, feel, and manipulate. In so doing, a consultative physical examination should be ordered.

### V.   **Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 24th day of November 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)